UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FIFTH THIRD BANK, an Ohio Banking Corporation, successor by merger with Fifth Third Bank, a Michigan banking corporation,

    Plaintiffs,

v

MACAULEY COMMERCIAL HOLDINGS, LLC, a Michigan limited liability company; SLEEP DIAGNOSTICS OF MICHIGAN, P.C., a Michigan professional service corporation; RICHARD MACAULEY, an individual; LEAF FUNDING, INC., a foreign corporation; PHILIPS MEDICAL CAPITAL LLC, a foreign limited liability company; STATE OF MICHIGAN; ASCENTIUM CAPITAL LLC, a foreign limited liability company; UNITED STATES OF AMERICAN-INTERNAL REVENUE SERVICE; CORPORATION SERVICE COMPANY, jointly and severally,

    Defendants.

No. 15-12234

HON. THOMAS L LUDINGTON

MAG. PATRICIA T. MORRIS

> **STIPULATION AND ORDER SETTING PRIORITIES & INTERESTS BETWEEN PLAINTIFF AND THE MICHIGAN DEPARTMENT OF TREASURY AND DISMISSING CASE AGAINST MICHIGAN**

Michael E. Moore (P57315)
Lisa A. Hall (P70200)
Plunkett Cooney
Attorney for Plaintiff
333 Bridge Street NW, Suite 530
Grand Rapids, MI  49504
(616) 752-4600


Moe Freedman (P74224)
Assistant Attorney General
Attorney for Defendant Michigan Department of Treasury
Revenue & Collections Division
3030 W Grand Blvd, Ste 10-200
Detroit, MI  48202
(313) 456-0140
_____/

# STIPULATION AND ORDER
# SETTING PRIORITIES & INTERESTS BETWEEN PLAINTIFF AND THE MICHIGAN DEPARTMENT OF TREASURY
# AND
# DISMISSING CASE AGAINST MICHIGAN DEPARTMENT OF TREASURY

## STIPULATION

Plaintiff, Fifth Third Bank, through its attorneys, Plunkett Cooney, by Michael E. Moore and Lisa A. Hall, and Defendant, Michigan Department of Treasury, through its attorneys, BILL SCHUETTE, Michigan Attorney General, and Moe Freedman, Assistant Attorney General, stipulate as follows:

2

1. Plaintiff, Fifth Third Bank named Defendant, the State of Michigan's Department of Treasury ("Treasury") in this action because Treasury claims an interest in the property that is subject of this action as the result of State Tax Liens recorded with the Michigan Secretary of State. Plaintiff does not have monetary claims against Treasury but is simply seeking to subject Treasury's interest in the property that is the subject of this case to any order that may be issued by the Court in this action.

2. Plaintiff holds an all asset perfected security interest in the assets of Sleep Diagnostics of Michigan, P.C. that was perfected by filing a financing Statement with the Michigan Secretary of State on December 23, 2010, against the Personal Property interest of Sleep Diagnostics of Michigan, which is the subject of this lawsuit.

3. On December 05, 2012, Defendant Treasury recorded Tax Lien # 1755014 with the Michigan Secretary of State against the personal property interests of Sleep Diagnostics of Michigan.

4. On June 19, 2013, Defendant Treasury recorded Tax Lien # 1796103 with the Michigan Secretary of State against the personal property interests of Sleep Diagnostics of Michigan.

5.     On July 21, 2015 Treasury levied a bank account of Sleep Diagnostics and received $50,461.69 which it applied to unpaid tax claims of Sleep diagnostics.

6.     The funds Treasury received through its levy are not included in the property that Plaintiff is seeking to subject to its interests in this action.

7.     Plaintiff filed a Motion in this case seeking to have the funds acquired by Treasury through the tax levy subjected to their security interest but later withdrew that motion.

8.     Treasury recognizes and affirms that the interest claimed by the Plaintiff in the property which is the subject of this case is senior, superior and prior in all respects to the interest claimed by Treasury.  Further, that Treasury's interests in the property described above shall be subjected to and extinguished by any sale that takes place pursuant to an Order of this Court, unless the property is redeemed from said sale as provided for by statute.  Further, Treasury's lien shall transfer to any excess proceeds derived from the sale, over and above the amount necessary to satisfy Plaintiff's claim.

9. In the event that this action results in a sale of the subject property, pursuant to the enforcement of Plaintiff's rights, that any excess proceeds derived from said sale, over and above the amount necessary to satisfy Plaintiff, be promptly paid into the Court subject to further order of the Court as to priorities, with Treasury being entitled to apply for payment of such surplus proceeds.

10. Treasury reserves the right to present any and all evidence necessary to substantiate the existence of its lien, the amount of its lien, and the respective priority of its lien with respect to any lien holders other than the Plaintiff so as to protect its right to any surplus proceeds from any judicial foreclosure action.

11. Treasury is dismissed without prejudice and without costs as a Defendant in this matter.

12. This Stipulation and Order does not affect Plaintiff's Complaint against the remaining Defendants, and Plaintiff's case against the remaining Defendants will proceed unaffected by this Stipulation and Order.

| | |
|---|---|
| ____/s/Michael E. Moore_____<br>Michael E. Moore (P57315)<br>Attorney for Plaintiff,<br>Fifth Third Bank | _____/s/Moe Freedman_____<br>Moe Freedman (P74224)<br>Attorney for Defendant, State of<br>Michigan Department of Treasury |

Date: <u>    May 13, 2016    </u>          Date: <u>    May 13, 2016    </u>

**ORDER BASED ON STIPULATION SETTING PRIORITIES & INTERESTS BETWEEN PLAINTIFF AND THE MICHIGAN DEPARTMENT OF TREASURY**
**AND**
<u>**DISMISSING CASE AGAINST DEFENDANT MICHIGAN DEPARTMENT OF TREASURY**</u>

    At a session of said Court, held in United States District Court, Eastern District of Michigan, on _____, 2016.

    PRESENT:
HON: _____.
       U.S. District Court Judge

    As Stipulated above between Plaintiff, Fifth Third Bank and Defendant, State of Michigan Department of Treasury,

    **IT IS SO ORDERED.**

    **This Order does resolve the last pending claim in this case.**

_____
DISTRICT COURT JUDGE